RECEIVED
IN LAKE CHARLES, LA
NOV 2 8 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20182-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| IRVING ANDERSON | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The first objections asserts that the defendant should not be assessed four points pursuant to U.S.S.G. § 2K2.1(B)(5). §2K2.1(b)(5) states:

> (5) If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

The defendant argues that he did not use or possess a firearm in connection with any other felony offense. He asserts that the felony offense included the burglary of the weapons, therefore the charged offense of possession of firearms by a convicted felon is subsumed within the burglary. Further, the defendant argues that the possession of firearms did not make the other felony offense, burglary, more dangerous. The guns were taken from Mr. Edward Bertrand's home on November 29, 2003, when no one was home.

In support of his position, the defendant cites *U.S. v. Villegas*, 44 F.3d 355 (Fed. Cir. 2005), in which the government took the position that because the defendant was armed with a firearm

while using a false identification card, that this constituted use or possession of a firearm in connection with a felony offense. The court noted that "our precedent indicates that §2K2.1(b)(5) applies only when the defendant's use or possession of the firearm may have facilitated or made more dangerous the other felony offense. It is clear that Villegas's possession of a firearm did nothing to facilitate his use of a fraudulent identification card or make a more dangerous crime." *Villegas, Id.*

The determination of the connection between a firearm and another offense is a factual finding. *United States v. Mitchell*, 166 F.3d 748, 754 n. 24 (5th Cir.1999). Section § 2K2.1(b)(5), U.S.S.G., authorizes a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." In *United States v. Armistead*, 114 F.3d 504, 511 -512 (C.A.5 (Tex.),1997), the Armsteads pleaded guilty to stealing firearms from a licensed firearms dealer in violation of 18 U.S.C. § 922(u). The State of Texas also charged the Armsteads with the crime of burglary of a building, a felony. While no evidence existed to show that the Armsteads possessed or used firearms before they broke into the pawn shop, the court reasoned that they "most certainly possessed firearms once they entered the pawn shop and picked up the guns." The court held that this subsequent possession of firearms satisfied the nexus requirement[1] for possession, because those firearms were possessed and could have been used to facilitate the crimes at issue. *See United States v. Condren*, 18 F.3d 1190, 1194-1998 (5th Cir.1994).

In the case at bar, the PSR provides that while he was involved in the buglary of the

---

[1] A "close relationship between the firearm and the other felony offense" need not be shown; the showing required is only that the "firearms were possessed and could have been used to facilitate" the other felony offense. *Armstead*, 114 F.3d at 511, 512.

2

residence, the defendant acquired firearms. The firearm was "readily available" to Anderson and "could have been used to facilitate" his offense. *See Armstead,* 114 F.3d at 512; *U.S. v. Sexton,* 73 Fed.Appx. 692, 693 (C.A.5 (Tex.), 2003). The fortuitous fact that no one returned to the residence while the burglary was in progress does not make the weapons less available. The defendant was properly assessed the four points pursuant to § 2K2.1(b)(5).

Anderson objects to Part D, Sentencing Options, ¶ 53, which states that term of imprisonment of not less than fifteen years is required pursuant to 18 U.S.C. § 924(E)(1). The defendant argues that he should not be considered an armed career criminal.

U.S.S.G. §4b1.4(A) states that a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. §924(e) is an armed career criminal.[2] U.S.S.G. §4B1.4(b) provides that the offense level for an armed career criminal is the greatest of (1) the offense level applicable from Chapters Two and Three; or (2) the offense level from U.S.S.G. §4B1.1 (career offender) if applicable; or (3)(A) level thirty-four, if the defendant used or possessed the firearm in connection with a crime of violence, as defined in U.S.S.G. §4B1.2(a)....; or (B) level thirty-three otherwise. Anderson argues that although he should not be considered an armed career criminal, he concedes that he is subject to a minimum fifteen year prison sentence because he has three prior convictions for violent felonies.

Anderson cites *Shepard v. United States,* 125 S.Ct. 1254 (2005), in which the Supreme Court limited inquiry of whether a guilty plea to a crime, defined by a nongeneric statute, equates

---

[2] A defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. §922(g) and the defendant has at least three prior convictions for violent felonies committed on different occasions.

3


admission of the generic offense elements "to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant. Anderson argues that the holding in *Shepherd* is that a prior conviction for a non-"generic burglary" based on a guilty plea counts as a violent felony only if the charging document, plea agreement, or plea colloquy made clear that the offense conduct, in fact, constitutes a generic burglary.[3]

The Fifth Circuit discussed this argument in *U.S. v. Brown*, 437 F.3d 450, 450 -451 (C.A.5 (La.), 2006). In *Brown*, the defendant pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). As part of the plea agreement, Brown stipulated that he had been previously convicted of two counts of simple robbery and one count of possession of cocaine. The probation office issued a presentence report ("PSR"), which stated Brown had also been convicted of second degree battery and distribution of cocaine. Due to these additional convictions, the probation officer observed that Brown was eligible to be sentenced under the Armed Career Criminal Act ("ACCA"), pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

Brown appealed his sentence, arguing that his conviction for simple robbery did not qualify as a "violent felony" under the ACCA. Brown also claimed that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), required the additional facts and nature of his prior convictions either be admitted by him or found by a jury.[4] The Fifth Circuit held that his argument was without merit. In *United States*

---

[3] A "generic burglary" refers to the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."

[4] The defendant also objects to the introduction of any documents "beyond those allowed by *Shepherd*" for determining whether or not the prior offenses constitute a crime of

*v. Stone,* the court held that the Fifth and Sixth Amendments do not require that convictions used as the bases for sentence enhancements under the ACCA be based on a jury finding. 306 F.3d 241, 243 (5th Cir.2002).[5]

¶¶ 28, 29, 33 and 34 of the PSR outline Anderson's convictions in the State of Wisconsin on four separate counts of burglary. The Judgment Record, as well as the Criminal complaint, verify that each of these burglaries occurred on separate occasions. The defendant was convicted of a violation of Wisconsin Statute 943.10, which states:

> "Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such a place is guilty of a Class F felony: (a) any building or dwelling; ... or (f) a room of any of the above."

The Criminal Complaint in three of the cases charged the defendant with a violation of 943.10(1)(a) and indicates that each involved the burglary of a residence. The remaining Criminal Complaint charges the defendant with a violation of 943.10(1)(f) and also indicates that it was the burglary of a residence as well.

In the instant case, Anderson possessed the firearms during a residential burglary, therefore he is deemed to have possessed the weapons in connection with a crime of violence. The burglary convictions qualify as crimes of violence and the enhanced penalty is appropriate. The offense level

---

violence.

[5] *See also Almendarez-Torres v. United States,* 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (treating the fact of a prior conviction as a permissible sentencing factor that need not be admitted by the defendant or found by the jury beyond a reasonable doubt). This court in *Stone* also held that there is no Sixth Amendment violation under *Apprendi* where a district court considers the nature of a prior conviction rather than submitting it to the jury. *Stone,* 306 F.3d at 243.

in U.S.S.G. §4B1.4(b)(3)(A) was properly applied.[6]

The defendant argues that there are mitigating factors which warrant a downward departure namely, 1) Anderson's long history of mental illness, 2) his gentle nature as evidenced by his prior work with the elderly and handicapped, and 3) Anderson's lack of violent behavior. Although the guidelines are no longer mandatory, this court must consider those guidelines in fashioning an appropriate sentence. This defendant has a long criminal history including burglaries, DWI's and a violation of a domestic abuse injunction. This history belies the argument that the defendant is not violent. This court finds no grounds for a departure from the advisory guidelines.

Lake Charles, Louisiana, this 27 day of November, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] The defendant's second objection is moot considering the rulings on his first and third objections set forth herein above.

6